UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUGLAS ALTON NETTLES,

    Petitioner,

-vs-                                                                               Case No. 6:11-cv-1528-Orl-28KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

This case is before the Court on Petitioner's second amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 11). Respondents filed a response (Doc. No. 13) to the second amended petition for writ of habeas corpus, and Petitioner filed a reply (Doc. No. 15) and a supplemental reply (Doc. No. 18) to the response.

### I.   *Procedural History*

Petitioner was charged by information with two counts of shooting at, within, or into an occupied vehicle (counts one and four), one count of criminal mischief (count two), and one count of aggravated assault with a firearm (count three). Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter pleas of nolo contendere to counts one and three. The State agreed to enter a *nolle prosequi* as to counts two and four. The trial court held a hearing on the pleas and ultimately accepted

them. On May 21, 2001, the trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of ten years as to count one and for a term of twenty years as to count three, with the sentences to run concurrently. Petitioner did not file a direct appeal.

On September 22, 2009, Petitioner filed a petition for writ of habeas corpus with the Supreme Court of Florida, which was denied on October 23, 2009.

On June 7, 2010, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.[1] On June 23, 2011, the trial court denied the motion as untimely and facially insufficient. The state appellate court affirmed the denial *per curiam* on August 16, 2011. Mandate issued on September 7, 2011.

## II. Petitioner's Habeas Petition is Untimely

### A. Legal Standard

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an

---

[1] This is the filing date under the "mailbox rule," which is when the motion was submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

2

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B. *Discussion of Petitioner's Case*

In the present case, Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered. *See* Fla. R. App. P. 9.110(b). Since the judgment of conviction was entered on May 21, 2001, the time for seeking a direct appeal expired on June 20, 2001. Petitioner then had until June 20, 2002, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was filed-stamped by the Clerk's office on September 19, 2011.

Pursuant to section 2244(d)(2), the one-year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. However, all of Petitioner's postconviction motions were filed after the one-year period had expired, and, therefore, did not toll the one year period of limitation. *See Webster v. Moore*, 199 F.3d

3

1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the instant petition is untimely.

Petitioner vaguely asserts that he is entitled to equitable tolling due to the alleged lack of subject-matter jurisdiction by the state court over his case. However, "there is no exception under AEDPA's statute of limitation for a §2254 claim that the state court lacked subject matter jurisdiction." *Blackshear v. McDonough*, 2008 WL 2312677, at *3 (M.D. Fla. June 4, 2008); *see also Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007) (determining that there is no exception under AEDPA for subject-matter jurisdiction claims); *Johnson v. Jones*, 2006 WL 2092601, at *2 (M.D. Ala. July 27, 2006) (finding that AEDPA's statute of limitation does not contain an exception for jurisdictional issues arising under state law). Consequently, Petitioner has not demonstrated that there is any basis upon which to extend the one-year deadline or that his petition should otherwise be subject to equitable tolling. As a result, the instant petition is dismissed as untimely.

Any of Petitioner's other allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Second Amended Petition for Writ of Habeas Corpus (Doc. No. 11) filed by Douglas Alton Nettles is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to

4

close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this _11_ day of April, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 4/12
Counsel of Record
Douglas Alton Nettles